UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NutriQuest, LLC, | Case No. 0:18-cv-00390-NEB-KMM |
| Plaintiff/Counter Defendant, | |
| v. | ORDER |
| AmeriAsia Imports LLC; Profound Solutions, Inc.; Ying Li, *also known as* Olivia Li; Yanbin Shen; Jenna Xu; | |
| Defendants/Counter Claimants. | |

Dean M. Zimmerli and Dustan J. Cross, Gislason & Hunter LLP, counsel for Plaintiff/Counter Defendant

Paul J. Robbennolt and Lisa B. Ellingson, Winthrop & Weinstine, PA, counsel for Defendants/Counter Claimants

This matter is before the Court on AmeriAsia's[1] Motion to Enforce Protective Order and for Sanctions. (ECF No. 176.) The Court held a hearing on the motion on October 30, 2018. At the hearing the Court granted the motion in part and denied the motion in part. This Order memorializes the Court's bench rulings.

A court may impose sanctions for the violation of a discovery order, including a protective order, pursuant to Federal Rule of Civil Procedure 37(b)(2) and its inherent power. *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 264 (D. Minn. 2007). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a

---

[1] The Court refers to the Defendants collectively as "AmeriAsia."

1

sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)). Any sanction under Rule 37 must correspond to the violation of the court's order and must be just. *Jay v. Spectrum Brands Holdings, Inc.*, No. 13 Civ. 8137 (LTS)(DF), 2015 WL 6437581, at *5 (S.D.N.Y. Oct. 20, 2015). If the conduct at issue cannot effectively be addressed pursuant to Rule 37, the court "may rely on its inherent power to impose sanctions...." *Bead Filters Intern., LLC v. Mills*, No. SA-09-cv-105-XR, 2009 WL 3837863, at *2 (W.D. Tex. Nov. 12, 2009) (citing *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001)).

With these standards in mind, AmeriAsia's motion to enforce the protective order and for sanctions is **GRANTED IN PART** to the extent it seeks imposition of a monetary sanction payable to the Court. Specifically, Gislason & Hunter LLP, which represents NutriQuest, is required to pay a sanction of $500 for the failure to use reasonable efforts to prevent disclosure to its client of documents marked "attorney's eyes only" by the non-party Lonsdale Packaging, Inc. Counsel for NutriQuest confirmed that the disclosure occurred and candidly admitted that the improper handling of documents was the result of a mistake. Sych carelessness cannot be condoned by the Court. However, several factors inform the Court's conclusion to impose a more modest monetary sanction than that requested by AmeriAsia, including: (1) plaintiff's counsel's candor with the Court regarding the mistake and willingness to accept responsibility for the errors; (2) the lack of any intentional violation of the protective order; and (3) the efforts plaintiff's counsel made to ensure that all copies of the documents at issue were destroyed by NutriQuest once the disclosure was discovered.

AmeriAsia's motion is **DENIED** to the it seeks an order requiring NutriQuest, its counsel, or both to pay the expenses, including attorney's fees, that AmeriAsia incurred in bringing the motion. As explained on the record at the hearing, the Court finds that the defendants' efforts to meet and confer with

counsel for NutriQuest prior to filing this motion were insufficient. The Court also finds that the motion was largely unnecessary because NutriQuest's counsel had substantially agreed to the meritorious non-monetary relief sought by AmeriAsia to correct the problem prior to the filing of the motion. The Court also requires that meet-and-confer efforts among the parties to resolve issues prior to seeking court intervention must involve at least one in-person meeting or personal telephone conversation between counsel. In light of the parties' difficulties in establishing productive avenues of communication in this litigation, email communication alone is insufficient going forward.

AmeriAsia's motion is **DENIED IN PART WITHOUT PREJUDICE** with respect to the non-monetary relief sought through its motion. (*See also* Proposed Order, ECF No. 189.) As explained on the record at the hearing, several avenues of relief requested by AmeriAsia were designed to either appropriately remediate the previous violations of the protective order or were intended to prevent a recurrence of such mistakes in the future. Indeed, when the parties attempted to work out a stipulation prior to the filing of AmeriAsia's motion, counsel for NutriQuest readily agreed to several of the provisions that AmeriAsia sought. However, other provisions of AmeriAsia's requested relief went too far, and were not adopted by opposing counsel. In particular, the Court finds that AmeriAsia is not entitled to relief that would prevent NutriQuest from contacting individuals or entities identified in the documents marked "attorney's eyes only" by Lonsdale and AmeriAsia to the extent that NutriQuest had a pre-existing business relationship with those individuals or entities. Granting such relief on this motion would amount to an unwarranted windfall for AmeriAsia. At the hearing, counsel for the parties were instructed to consider the guidance provided by the Court and negotiate a stipulation that captures this balance and adequately protects the interests of both parties moving forward.

**IT IS SO ORDERED.**

Date: November 5, 2018	*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge