UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NUTRIQUEST, LLC, | Case No. 18-CV-390 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| AMERIASIA IMPORTS LLC; YING LI, a/k/a OLIVIA LI; YANBIN SHEN; PROFOUND SOLUTIONS, INC.; and JENNA XU, | |
| Defendants. | |

This matter is before the Court on Plaintiff NutriQuest LLC's Motion for Order Holding Defendants in Contempt [ECF No. 128], which alleges that the Defendants AmeriAsia Imports LLC, Ying Li, Yabin Shen, Profound Solutions, Inc., and Jenna Xu violated the terms of the Rice County District Court's Order Modifying Temporary Restraining Order [ECF No. 12] issued prior to this case's removal to federal court. [ECF No. 130.] In a Report and Recommendation dated October 17, 2018, United States Magistrate Judge Katherine Menendez[1] recommended the Court deny the motion

---

[1] Plaintiff Nutriquest LLC, in its Objections to the R&R, inaccurately refers to Magistrate Judge Menendez as "the Magistrate" or "Magistrate Menendez." (*See, e.g.*, ECF No. 198 at 2). The Court takes this opportunity to remind counsel that under the Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5089 (1990), a magistrate judge's proper title is that of United States Magistrate Judge, rather than simply "magistrate." *See* Ruth Dapper, *A Judge by Any Other Name? Mistitling of the United States Magistrate Judge*, 9 FED. CTS. L. REV. (Fall 2015).

1

because the temporary restraining order ("TRO") had expired prior to the alleged violation. [ECF No. 191.] The Plaintiff objected to the R&R. [ECF No. 198.] For the reasons set forth below, the Court overrules the Plaintiff's objections, accepts the R&R, and denies the Motion for Order Holding Defendants in Contempt.

## BACKGROUND

In October 2017, the Plaintiff sued the Defendants for tortious interference in Rice County District Court, claiming the Defendants interfered with its exclusive supply contracts for an ingredient used in patented animal-feed technology [ECF No. 2 ¶¶ 42–47.] The Plaintiff also sought an *ex parte* TRO, which the state court granted on October 26, 2017, preventing the Defendants from interfering with their supply contracts and selling, moving, or otherwise disposing of the ingredient. [ECF No. 4 at 5.]

The Rice County court then held an evidentiary hearing on November 9, 2017 to determine whether to extend the TRO and issue a preliminary injunction. (*Id.*) At the conclusion of testimony that day, the court left the TRO in place and continued the evidentiary hearing to November 30, 2017 to allow for more testimony. [ECF No. 143 ("11/9 Tr.") at 105:5–20.] At the continued hearing on November 30, the court heard additional testimony [ECF No. 144 ("11/30 Tr.")] and decided to modify the terms of the TRO. [ECF No. 12.] It dissolved a portion of the TRO with respect to one container of the ingredient but held "[t]he remaining provisions of the TRO remain in effect until further Order of this Court." (*Id.* at 2–3.)

Before the court issued any subsequent orders, however, the Defendants removed this case to federal court, filing a Notice of Removal on February 9, 2018. [ECF No. 1.] Plaintiff now alleges that in June 2018, it learned the Defendants had violated the state court TRO. [ECF No. 130 at 5–6.] In July 2018, Plaintiff filed this Motion for Order Holding Defendants in Contempt, asking the Court to require the Defendants to pay the cost of bringing the motion along with other sanctions. [ECF No. 128.] The Defendants do not deny moving or selling the ingredient in violation of the state court's order, but rather contend the TRO expired in February 2018 when the case was removed. [ECF No. 140 at 4.] Magistrate Judge Katherine M. Menendez issued a Report and Recommendation recommending the Court dismiss the Motion for Order Holding Defendants in Contempt [ECF No. 191], and Plaintiff objected. [ECF No. 198.]

## ANALYSIS

Plaintiff argues that the R&R improperly recommends that the state court TRO expired after this case was removed to federal court. If a party objects to a magistrate judge's report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In this case, Plaintiff must demonstrate that the Defendants violated a court order. "A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors

3

violated a court order." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citation omitted).

When an action is removed to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. In *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, the United States Supreme Court considered how long a state TRO may last under § 1450 once a case is removed to federal court. The Court held:

> An *ex parte* temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.

415 U.S. 423, 439–40 (1974). Thus, while TROs in Minnesota state court may remain in effect until the parties have a hearing on a preliminary injunction, *see* Minn. R. Civ. P. 65.01, TROs in federal court expire 14 days after removal. Fed. R. Civ. P. 65(b)(2).

Plaintiff argues that the state court's December 1, 2017 order extending and modifying the TRO is not subject to the time limitations in Rule 65(b)(2) and *Granny Goose* because the December 1 order was issued after notice, a hearing, and a full opportunity to be heard on the merits, and thus should be treated as a preliminary injunction in federal court. In doing so, however, Plaintiff mischaracterizes the nature of order at issue in this case—the original *ex parte* TRO issued on October 26, 2017. [*See* ECF No. 4 at 4 (noting

4

"Petitioner has adequately demonstrated the need for an *ex parte* Temporary Restraining Order per Rule 65.01.").] That order was issued without notice or a hearing and thus falls squarely under the Court's ruling in *Granny Goose*. The December 1 order at issue here merely dissolved one of the restrictions and preserved the status quo on the remaining restrictions until the court could issue a preliminary injunction order. [ECF No. 12.] The December 1 order did nothing to convert the TRO into a preliminary injunction. Because the order at issue is still an *ex parte* TRO, it is clearly subject to the time limitations in Rule 65(b) and the Court's precedent in *Granny Goose*.

Closer analysis on the full record supports this conclusion. The state court definitively considered the December 1, 2017 order to be a TRO. The order is captioned as "Order Modifying Temporary Restraining Order," and included no new findings of fact or conclusions of law. [ECF No. 12] It provided no additional analysis of the applicable law regarding preliminary injunctions in Minnesota. *See Dahlberg Bros., Inc. v. Ford Motor Co.*, 137 N.W.2d 314, 321–22 (Minn. 1965). Moreover, the state court judge made comments during the November 30, 2017 hearing to indicate he was extending and modifying the *ex parte* TRO order before ordering an additional briefing schedule. [11/30 Tr. at 44:20–45:15.] The state court thus clearly intended the December 1, 2017 order to modify the existing *ex parte* TRO, not to convert it to a preliminary injunction. As an "*ex parte* temporary restraining order issued by a state court prior to removal," Plaintiff's TRO must not "remain in force longer than the time limitations imposed by Rule 65(b)."

5

*Granny Goose*, 415 U.S. at 439–40. Therefore, the TRO expired 14 days after removal—long before the alleged violation.

This conclusion is buttressed by persuasive reasoning in cases where courts have applied Rule 65(b)(2) and *Granny Goose* to TROs issued even with some notice prior to removal. *See, e.g. Rural Media Grp., Inc. v. Performance One Media, LLC*, No. 8:09CV447, 2010 WL 273979, at *2–3 (D. Neb. Jan. 13, 2010) (holding that a state TRO remained a TRO in federal court despite notice to the parties); *Carrabus v. Schneider*, 111 F. Supp. 2d 204, 210 (E.D.N.Y 2000) ("[T]here is no reason to believe that a state court TRO issued on notice, and in anticipation of a preliminary injunction hearing, is exempt upon removal to the federal forum from the Rule 65 time limitation that clearly does govern an *ex parte* TRO in the same circumstances."). *See also, Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006) ("The proper interpretation of the 'without notice' language in Rule 65(b) is that the rule imposes *additional* restrictions on temporary restraining orders issued without notice, but imposes the 20-day limit on *all* TROs.") (emphasis in original). While not binding on this court, the reasoning of these cases is persuasive. When a state court issues a TRO (and not a preliminary injunction), it would defy logic to give that order a significantly longer lifespan in federal court simply because the parties received some notice.

Plaintiff argues this case is distinguishable from the cases cited in the R&R because in those cases, the defendants received informal notice shortly before the courts issued

6

the state orders, while here, the Defendants received formal notice and a hearing. Plaintiff provides no analysis as to why the degree of notice affects the application of *Granny Goose* to this case. In fact, a closer look at the Supreme Court's reasoning suggests the outcome should be the opposite. The Court in *Granny Goose* noted that "the judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one." 415 U.S. at 444 (citation omitted). Further, "[i]t would be inconsistent with [that] basic principle to countenance procedures whereby parties against whom an injunction is directed are left to guess about its intended duration." *Id.* Given the Court's concern about creating predictable outcomes in this area, this Court will not draw a distinction between degrees of notice necessary to preclude Rule 65(b)(2) from applying to a state TRO upon removal in this case.

This Court must make sure there is a clear violation of a court order before deploying the "potent weapon" of its contempt power. *Id.* (citation omitted). Courts should not hold a party in contempt when the underlying order was "unclear or insufficiently specific to guide that person's conduct." *C. Line, Inc. v. City of Davenport*, 957 F. Supp. 2d 1012, 1030 (S.D. Iowa 2013). And, as noted in *Granny Goose*, confusion as to the duration of the underlying order is a concern sufficient to give a court pause before holding a party in contempt. 415 U.S. at 444. Here, the state court issued an *ex parte* TRO,

which it extended until the preliminary injunction hearing.[2] At best, Plaintiff's arguments that the state court issued a preliminary injunction serve only to illustrate that the state court's order was too unclear to guide the Defendants' conduct. Without a clear violation of a court order, this Court will refrain from using its contempt power in this case.

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Plaintiff's objections [ECF No. 198], and the Report and Recommendation [ECF No. 191] is ACCEPTED. IT IS HEREBY ORDRERED THAT Plaintiff's Motion for Order Holding Defendants in Contempt [ECF No. 128] is DENIED.

Dated: February 4, 2019                    BY THE COURT:

                                           s/Nancy E. Brasel
                                           Nancy E. Brasel
                                           United States District Judge

---

[2] The Plaintiff did nothing upon removal to renew its request for a preliminary injunction despite receiving the instruction from this Court on February 9, 2018, that "any motion previously filed in state court must be refiled in compliance with the Federal Rules of Civil Procedure and the Local Rules of this District," [ECF No. 28], and despite knowing the Defendants thought the December 1, 2017 order expired 14 days after removal. As the R&R aptly noted, "[w]ith that knowledge, NutriQuest's request for an order holding AmeriAsia in contempt of court for selling the ingredient when it did rings hollow." (R&R at 9.)